UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

| | |
|---|---|
| CITY OF FORT LAUDERDALE POLICE AND FIREFIGHTERS' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PEGASYSTEMS INC., et al.,<br><br>                    Defendants. | Civil Action No. 1:22-cv-00578-LMB-IDD<br><br><u>CLASS ACTION</u> |

MEMORANDUM OF LAW IN SUPPORT OF THE PENSION AND RETIREMENT FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

Central Pennsylvania Teamsters Pension Fund - Defined Benefit Plan, Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, and Construction Industry Laborers Pension Fund (collectively, "the Pension and Retirement Funds"), respectfully submit this memorandum of law in support of their motion for: (1) appointment as lead plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (2) approval of selection of Robbins Geller Rudman & Dowd LLP as lead counsel. As shown herein, the motion should be granted.

The PSLRA provides that within 90 days after publication of the statutory notice, the Court "shall consider any motion made by a purported class member" and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Here,

- 2 -

the Pension and Retirement Funds should be appointed as lead plaintiff because they: (1) timely filed their motion; (2) have the largest financial interest in this litigation of any proposed lead plaintiff of which they are aware; and (3) will fairly and adequately represent the interests of the class.

I.   **STATEMENT OF THE CASE**

The above-captioned securities fraud class action was filed on behalf of all persons or entities that purchased or otherwise acquired the common stock of Pegasystems Inc. ("Pegasystems" or the "Company") between May 29, 2020 and May 9, 2022 (the "Class Period"). This action was brought pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.  The threshold issue now before the Court is the appointment of lead plaintiff and approval of selection of counsel.

II.   **SUMMARY OF THE COMPLAINT (STATEMENT OF FACTS)**

Pegasystems develops customer relationship management ("CRM") software.  ECF 1 at ¶2.  The complaint alleges that, unbeknownst to investors, Pegasystems' products and thus the revenue generated from those products were, in large part, the result of theft of trade secrets from one of its competitors.  *Id.* at ¶5.  Specifically, on May 29, 2020, Pegasystems was sued by one of its principal competitors, Appian Corporation, for stealing its trade secrets and violating the commonwealth's computer crime law.  *Id.*  The complaint further alleges that Pegasystems violated SEC reporting requirements by failing to disclose the lawsuit in its public SEC filings for nearly two full years.  *Id.* at ¶6.

On May 9, 2022, Pegasystems disclosed that a jury had awarded Appian more than $2 billion for Pegasystems' trade secret misappropriation.  *Id.* at ¶7.  On this news, Pegasystems'

stock price dropped approximately 21%.  *Id.* at ¶8.  As the market continued to digest the verdict, Pegasystems' stock price dropped another 8%, further damaging investors.  *Id.* at ¶36.

### III. ARGUMENT

#### A. The Pension and Retirement Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 657 (E.D. Va. 2016) (explaining procedure).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Knurr*, 220 F. Supp. 3d at 657.  The Pension and Retirement Funds satisfy these criteria and should therefore be appointed as Lead Plaintiff.

#### 1. The Pension and Retirement Funds Timely Moved for Appointment

The May 19, 2022 notice published in connection with the filing of the complaint in this case advised class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by July 18, 2022.  *See* Declaration of Jonathan M. Petty in Support of the Pension and Retirement Funds' Motion for

Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel ("Petty Decl."), Ex. A.  Because this motion is being timely filed by the statutory deadline, the Pension and Retirement Funds are entitled to be considered for appointment as lead plaintiff.

### 2. The Pension and Retirement Funds Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension and Retirement Funds purchased 55,551 shares of Pegasystems common stock and suffered approximately $3.4 million in losses due to defendants' alleged misconduct.  *See* Petty Decl., Exs. B, C.[1]  To the best of their counsel's knowledge, no other plaintiff claims a larger financial interest than the Pension and Retirement Funds.  Therefore, the Pension and Retirement Funds satisfy the PSLRA's "largest financial interest" requirement.

### 3. The Pension and Retirement Funds Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 inquiry considers "whether (i) the proposed lead plaintiff's '"claims and defenses . . . are typical of the claims or defenses of the class' and (ii) whether the movant 'will fairly and adequately protect the interests of the class.'""  *Knurr*, 220 F. Supp. 3d at 658 (citation omitted).

"'[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted).  The Pension and Retirement Funds' claims are typical of the class asserted by the named plaintiff because they seek to represent the same putative class and allege the same claims against the same defendants.  Just like all other class members, the Pension and Retirement

---

[1]   The Pension and Retirement Funds' losses are the same under both the last-in, first-out and first in, first out accounting methodologies.

Funds: (1) purchased Pegasystems common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. Therefore, the Pension and Retirement Funds are typical of the putative class.

"[W]ith respect to 'adequacy,' a person may be an adequate representative of the class where that person (i) does not have interests that are adverse to the interests of the class, (ii) has retained competent counsel, and (iii) is otherwise competent to serve as class representative." *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435-36 (E.D. Va. 2000) (citation omitted). The Pension and Retirement Funds are adequate because their interests are aligned with the putative class and there is no evidence of any antagonism between the Pension and Retirement Funds' interests and the class's interests. The Pension and Retirement Funds' substantial losses provide the requisite interest to ensure vigorous advocacy. In addition, as shown below, the Pension and Retirement Funds have retained competent and experienced counsel to prosecute these claims.

The Pension and Retirement Funds are sophisticated and experienced institutional investors that are ready, willing, and able to fulfill the lead plaintiff duties. The Central Pennsylvania Teamsters Pension Fund – Defined Benefit Plan and the Central Pennsylvania Teamsters Pension Fund – Retirement Income Plan 1987, are multiemployer plans with over $2 billion in collective assets under management for the benefit of over 35,000 participants and their beneficiaries. *See* Petty Decl., Ex. D at ¶2 (Joint Declaration). The Construction Industry Laborers Pension Fund is a multiemployer defined benefit pension plan with over $900 million in assets under management for the benefit of approximately 12,000 participants and their beneficiaries. *Id*. at ¶3. The Pension and Retirement Funds are precisely the type of institutional investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of

the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

The Pension and Retirement Funds have submitted a Joint Declaration demonstrating that they communicated prior to filing their joint motion, and have instituted procedures in order to efficiently and effectively prosecute this action and oversee counsel. Petty Decl., Ex. D at ¶4-¶8. The Pension and Retirement Funds have made the *prima facie* showing of typicality and adequacy under Rule 23 for the purposes of this motion.

### B. The Pension and Retirement Funds' Selection of Lead Counsel Should Be Approved

Pursuant to the PSLRA, the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. 15 U.S.C. §78u-4(a)(3)(B)(v). The Pension and Retirement Funds have selected Robbins Geller, a 200-attorney firm with offices nationwide that regularly represents clients in complex class action litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2] District courts throughout the nation have noted Robbins Geller's reputation for excellence, including Judge T.S. Ellis III, who recognized Robbins Geller's "long record of success in these types of cases." *Knurr*, 220 F. Supp. 3d at 663; *see also, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations

---

[2] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com/. A hard copy of the Firm's resume is available upon the Court's request, if preferred.

made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In 2019, Judge Ellis granted final approval of a $108 million settlement in *Knurr*. *Knurr v. Orbital ATK, Inc*, 2019 WL 3317976, at *1 (E.D. Va. June 7, 2019).  Believed to be the fourth-largest securities class action settlement ever in the Eastern District of Virginia, the settlement provided a recovery for investors that was more than 10 times larger than the reported median recovery of estimated damages for all securities class action settlements in 2018.

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors as sole lead counsel in securities class action cases, including $1.02 billion in *Am. Realty*, No. 1:15-mc- and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller as sole lead counsel secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). The Pension and Retirement Funds further note that the counsel proposed as lead in this case has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]  Thus, the Court can be assured that by approving the Pension and Retirement

---

[3]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re*

Funds' choice of Robbins Geller as lead counsel the putative class will receive the highest caliber of representation.

## IV. CONCLUSION

The Pension and Retirement Funds satisfy each of the PSLRA's criteria for appointment as lead plaintiff and approval of their selection of counsel. Accordingly, the Pension and Retirement Funds respectfully requests that the Court grant their motion.

DATED: July 18, 2022

PHELAN PETTY PLC

/s/ Jonathan M. Petty
JONATHAN M. PETTY (VSB No. 43100)
BRIELLE M. HUNT (VSB No. 87652)
3315 W. Broad Street
Richmond, VA 23230
Telephone: 804/980-7100
804/767-4601 (fax)
jpetty@phelanpetty.com
bhunt@phelanpetty.com

*Local Counsel*

ROBBINS GELLER RUDMAN & DOWD LLP
DANIELLE S. MYERS
TRICIA L. MCCORMICK
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
triciam@rgrdlaw.com

*Proposed Lead Counsel for Proposed Lead Plaintiff*

---

*HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4886-3436-5481.v1

- 9 -

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2022, I filed the foregoing pleading or paper through the Court's CM/ECF system, which sent a notice of electronic filing to all registered users.

/s/ Jonathan M. Petty
Jonathan M. Petty (VSB No. 43100)
Brielle M. Hunt (VSB No. 87652)
PHELAN PETTY, PLC
3315 West Broad Street
Richmond, VA  23230
Telephone:  804/980-7100
804/767-4601 (fax)
jpetty@phelanpetty.com
bhunt@phelanpetty.com

*Local Counsel*

4886-3436-5481.v1